In the Matter of ELLIOTT S. BLAIR, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 25, 1974.

*John G. Bonomi* of counsel (*Morris Gutt* with him on the brief), for petitioner.

*Raphael P. Koenig* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in the First Department on February 16, 1961. Respondent, with the sum of $960, supplied him by one Stephen Burns, known by respondent to be then under indictment for stock fraud and a sales representative of Arnold Wilkins & Co., a broker-dealer, purchased shares of the common stock of International Coproductions Inc., 90% of which he agreed to hold for Burns and another, in order to conceal their stock interest in International, which planned to make a public offering of its securities. A similar arrangement was made with regard to shares of the common stock of Electronic Sensing Products Inc. acquired by respondent for the sum of $400, of which he agreed to hold 50% for Burns, in order to conceal Burns' interest in the corporation.

Thereafter a Form 1-A notification, offering circular and other documents were filed with the Securities and Exchange Commission, wherein respondent was shown as a promoter, director and owner of the aforesaid stock, and omitted to state that he was not the beneficial owner and was acting only as nominee for Burns and another.

Thereafter on January 26, 1971 respondent untruthfully testified during the course of an investigation by the Securities and Exchange Commission of Arnold Wilkins & Co. and others, that he had not acted as a nominee for anyone in the purchase and ownership of the aforesaid stock. On April 1, 1971, respondent returned to the SEC and recanted the testimony he had given on January 26, 1971, by testifying truthfully that he held the stock as nominee for Burns, who was the beneficial owner thereof.

On February 4, 1971, respondent was questioned by an Assistant United States Attorney for the Southern District of New York in the presence of an SEC representative. Much testimony

before the Referee was devoted to establishing whether respondent decided to recant before or after the conference at the United States Attorney's office. The Referee's finding that respondent did not decide to recant until after the conference, as well as his finding that the charges are established, is supported by the record and we confirm his report.

The Referee reports to us that he has "no doubt that respondent has suffered greatly, and still does, from what he did; that he has been deeply chastened by the experience; and that he is not, by nature, an evil person. There is no evidence of any prior misconduct, in or out of his professional activities, and I believe that the likelihood of any further misconduct is remote."

We take into consideration that respondent has an otherwise unblemished record, the high regard in which he is held in his community as attested by a score of his neighbors and friends, his military service which he entered as an infantryman and from which he was honorably discharged with the rank of captain; also that he co-operated with the United States Attorney and later with the SEC in its investigation and, in correcting his previous testimony, told the truth. However, we cannot overlook his professional misconduct. We agree with the petitioner Association of the Bar that suspension of respondent is the appropriate discipline. He should be suspended for a period of nine months.

NUNEZ, J. P., KUPFERMAN, MURPHY, TILZER and LANE, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of nine months, effective July 25, 1974.