In the Matter of ROBERT S. PERSKY, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 13, 1975

*John G. Bonomi* of counsel *(Saul Friedberg* with him on the brief), for petitioner.

*William Jarblum* for respondent.

*Per Curiam.* The respondent was admitted to practice in the First Department in 1953. He was a stockholder and the secretary of and attorney for Microthermal Applications, Inc. In 1969, they raised approximately $650,000 in a public offering. $480,000 of the funds raised, contrary to the prospectus filed with the Securities and Exchange Commission (SEC), was secretly transferred to a partnership which dissipated the funds and was unable to repay the corporation. When the time came for the filing with the SEC of the 10K report, the

corporation replaced its accountants with other accountants, who falsely certified that the assets included a nonexistent certificate of deposit, in order to cover up the loss. This is detailed in the opinion of the Second Circuit Court of Appeals involving the new accountants, *United States v Zane* (495 F2d 683), wherein the situation regarding the respondent is discussed beginning at page 696.

The respondent was found guilty by a jury of two of the four counts of the indictment to the effect that he knowingly filed a false 10K statement. He was sentenced to a two-year prison term, with four months of confinement and the remainder on probation. He has also been suspended from practicing before the SEC, which was the major part of his livelihood.

The Referee's finding that the charges have been sustained is supported by the evidence, and we confirm his report.

We take into consideration that respondent has an otherwise unblemished record and the high regard in which he is held by many people with distinguished public service. He is a graduate of an eminent law school, served in the Judge Advocate Corps of the United States Army from 1952 to 1954, and was at one time law secretary to a United States District Judge in the Eastern District of New York.

However, we cannot overlook his professional misconduct. He should be suspended for a period of two years. *(Matter of Tarr*, 45 AD2d 32; *Matter of Blair*, 45 AD2d 94.)

KUPFERMAN, J. P., MURPHY, TILZER, CAPOZZOLI and LANE, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of two years, effective December 15, 1975.